IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-30004 |
| ) | |
| ELISHA PASDECK, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Elisha Pasdeck's sentencing hearing held July 10, 2006.  Pasdeck was present in person and with counsel, Douglas Beevers.  The Government was present by Assistant United States Attorney John Childress.  On March 3, 2006, Defendant Pasdeck entered an open plea of guilty to the charge of Travel with Intent to Engage in Sexual Conduct with a Juvenile, in violation of 18 U.S.C. § 2423(b), as alleged in Count 1, and the charge of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1), as alleged in Count 2 of the Indictment (d/e 7).  Defendant further agreed to the forfeiture of

1

property, as alleged in Count 3 of the Indictment.[1] The United States Probation Office prepared a Second Revised Presentence Investigation Report (PSR), dated July 5, 2006. Neither the Government nor the Defendant objected to the findings of the PSR with respect to the Guideline range.

The Court therefore adopted the findings of the PSR as its own. Accordingly, the Court found that, with respect to Count 1, which is grouped separately from Count 2, Defendant Pasdeck had a base offense level of 24 under U.S.S.G. § 2G1.3. Pasdeck's offense level was increased by a total of 6 levels: (1) 2 levels under U.S.S.G. § 2G1.3(b)(2)(B), (2) 2 levels under U.S.S.G. § 2G1.3(b)(3)(A), and (3) 2 levels under U.S.S.G. § 2G1.3(b)(4). This resulted in an adjusted offense level of 30. With respect to Count 2, Defendant Pasdeck had a base offense level of 22 under U.S.S.G. § 2G2.2(a)(2). Pasdeck's offense level was increased by a total of 13 levels: (1) 2 levels under U.S.S.G. § 2G2.2(b)(2), (2) 4 levels under U.S.S.G. § 2G2.2(b)(4), (3) 2 levels under U.S.S.G. § 2G2.2(b)(6); and (4) 5 levels under U.S.S.G. § 2G2.2(b)(7)(D). This resulted in an adjusted offense level of 35. Pursuant to U.S.S.G. § 3D1.4, Defendant's combined

---

[1]This Court entered a Final Order of Forfeiture on May 1, 2006.

adjusted offense level was 36. Defendant Pasdeck was entitled to a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Pasdeck had no criminal history points, which placed him in Category I. The resulting Guideline sentencing range was 135 to 168 months in Zone D of the Guideline range.

The Court noted that the Guidelines are advisory, and the Court must exercise its discretion to determine Defendant Pasdeck's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. <u>United States v. Booker</u>, 543 U.S. 220 (2005). In sentencing Defendant, the Court noted that in addition to considering the Guideline range, it must also consider the following factors: (1) the nature and circumstances of the offenses, (2) the history and characteristics of the Defendant, (3) the need to impose a sentence that reflects the seriousness of the offense, promotes respect for law and provides just punishment, (4) the need to sentence in a way that affords adequate deterrence to criminal conduct and in a way that protects the public from further crimes from the Defendant, (5) the need to sentence in a fashion that provides the Defendant with needed educational, vocational, medical, or correctional treatment in the most effective manner, (6) the need to sentence in a

fashion that does not cause unwarranted sentencing disparities, and (7) the need to impose a sentence that makes restitution to victims. After considering all of the above factors, the Court determined that it was necessary to impose a lengthy period of imprisonment for both Counts 1 and 2.

With respect to Count 1, the Court found that, due to the circumstances of the offense, a sentence above the Guideline range was necessary to protect the public, to afford adequate time for corrective treatment of the Defendant, and to reflect the seriousness of the offense. In this case, the Defendant traveled from Central Illinois to Canada and engaged in sexual acts with a twelve year old boy. The boy has suffered severe emotional problems as a result of Defendant's actions, as outlined in a letter from his father set forth in the PSR. The Defendant acknowledged that he has a problem and that "I haven't got it out of my system completely."

With respect to Count 2, the Defendant conceded there were at least 1,200 different images of child pornography while the Government contended there were as many as 13,000. After accounting for duplications, the Court deemed there were at least 3,000 separate images and that a

4

sentence at the top of the Guideline range was warranted.

For reasons stated of record, the Court rejected Defendant's argument that he should receive a credit for 12 months served in Canada for possession of child pornography images. That conviction was not included in Defendant's criminal history and did not increase his offense level in any way.

THEREFORE, after considering the case file, including the PSR, the statements of counsel, Pasdeck's own statement and his Sentencing Memorandum, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant Pasdeck to 180 months imprisonment on Count 1 and 168 months imprisonment on Count 2, to run concurrently. After his release from prison, Pasdeck was ordered to served a life term of supervised release. The Court did not impose a fine. The Court imposed a $200 special assessment, which is due immediately.

For reasons stated of record, the Court denied Defendant Pasdeck's oral motion to self-report. The Court informed Defendant Pasdeck of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER:   July 12, 2006.

    FOR THE COURT:

                                                               s/ Jeanne E. Scott
                                                 JEANNE E. SCOTT
                                 UNITED STATES DISTRICT JUDGE